IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN C. COX                  :
                              :
v.                            :    CIVIL NO. L-00-904
                              :
JM PRODUCTS                   :
                              :

MEMORANDUM

On November 1, 2000 defendant JM Products ("JM") filed a Motion for Summary Judgment. The Clerk sent plaintiff Kevin Cox a letter explaining that his response was due 17 days from the date of the Clerk's November 1, 2000 letter. Cox neither opposed the motion nor responded to the Clerk's letter.

On January 22, 2001, the Court sent Cox an Order stating that if he failed to respond to the Motion for Summary Judgment by February 5, 2001, the Court would grant the motion and dismiss the case with prejudice. Cox again failed to respond by the appointed day.

The Court will dismiss the case with prejudice because of Cox's failure to oppose the motion for summary judgment. The motion was served on Cox over three months ago, yet he has not responded despite having been warned that failure to do so would lead to a dismissal of his case. Ours is an adversarial system, and when a party loses interest in his case the Court has no

choice but to dismiss it. Because Cox put JM to the effort and expense of conducting discovery and filing the extensive summary judgment motion, the dismissal should be with prejudice.

The Court has also carefully reviewed the unopposed summary judgment motion, concluding that it should be granted on the merits. Cox alleges that: (i) he was sexually harassed by his immediate supervisor, Vanessa Brown; (ii) Brown's inappropriate behavior created a hostile work environment; and (iii) he was terminated from his employment due to his refusal to submit to Brown's constant and unwelcome advances.

As JM points out in its motion, however, when Cox's deposition was taken, he had no recollection of specific acts of harassment. When asked for the specifics of his claim, Cox repeatedly answered that he could not recall. JM, however, produced uncontroverted evidence that Brown and Cox worked at separate locations and were together only on discrete occasions when they would make sales calls together.

Cox could point to no evidence supporting his claim that he was terminated for spurning Brown's advances. To the contrary, JM produced ample evidence that Cox's performance was deficient (e.g., failure to meet deadlines, taking unauthorized leave, and failure to file reports) and that he was warned repeatedly and in

writing that his performance must improve.

In an unopposed affidavit, Gerald Jones, defendant's National Sales Manager, stated that he made the ultimate decision to terminate Cox. Although Brown agreed, it was Jones who ultimately terminated Cox due to Cox's lapses at work. Jones' affidavit is consistent with the contemporaneous record. For instance, in a memorandum to Cox of November 22, 1999, Jones stated: "I am not satisfied with your effort or your attitude that has taken place over the past two months. You have failed to meed deadlines given to you by Mr. Michael Joshua, Vanessa Brown, and myself." (Def.'s Mem. Supp. Summ. J. Ex. 7.)

In short, Cox's claim of sexual harassment is frivolous and unsupported. Accordingly, the Court shall, by separate Order, DISMISS the case WITH PREJUDICE.

Dated this 21st day of February, 2001.

_____
Benson Everett Legg
United States District Judge